HENRY ROSINOFF AND E. CHARLES ALTSHUL, PLAINT-
IFFS-RESPONDENTS, v. FANNIE K. ALTSHUL, ADMIN-
ISTRATRIX OF VICTOR I. ALTSHUL, DECEASED, DE-
FENDANT-APPELLANT.

Decided February 20, 1923.

For the plaintiff, *Julius Lichtenstein.*

For the defendant, *J. Raymond Tiffany.*

PER CURIAM.

This is a suit on a promissory note for $10,000 given by
Victor I. Altshul under a trade name. It bears date of June
1st, 1918, payable six months after date, to the order of E. C.
Altshul, and is endorsed by him and also assigned by a formal
assignment after maturity to the plaintiff Rosinoff.

Victor I. Altshul died and the defendant Fannie K. Altshul,
his widow, was appointed administratrix. She contests the
claim of the plaintiff on the note and at her instance E. C.
Altshul was brought in as a party plaintiff. The note was
proved and offered in evidence. There is no serious con-
troversy as to its validity in its inception. An attempt was
made to prove payment. This proof consisted of some state-
ments made by E. C. Altshul which were supposed to in-
dicate that his brother owed him $5,000 instead of $10,000,
and also proof that his brother had turned over to him seven
notes, six being for $2,000 each and one for $1,000.

Some reliance was placed by the defendant on the alleged
suspicious conduct of E. C. Altshul after his brother's death
but this evidence was too hazy and uncertain to have any
weight. The only question was whether there was proof of
such connection between the seven notes and the $10,000
note that the case ought to go to the jury. We think not.
The presumption is in favor of the holder of such a note, and
while Rosinoff's title can be no better than that of E. C. Alt-

shul we think the evidence on the part of the defendant was so meager and uncertain that it cannot justify any inference of payment. It is an attempt to make conjecture do the work of facts.

We think, therefore, the trial judge was right in directing a verdict for the plaintiffs. The judgment is affirmed, with costs.